IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT


        v.                  CRIMINAL NO. 12-50008-003


ANA VACA-GOMEZ                              DEFENDANT/MOVANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 12, 2014, the Defendant/Movant Ana Vaca-Gomez (hereinafter "Defendant")

filed a 28 U.S.C. § 2255 motion.  (Doc. 328).  By Order dated March 13, 2014, Defendant was

directed to complete the standard 28 U.S.C. § 2255 form to assist the Court in evaluating

Defendant's claims.  (Doc. 330). On May 22, 2014, Defendant filed an amended 28 U.S.C. §

2255 motion[1].  (Doc. 333).  The Government filed a Response on July 8, 2014.  (Doc.  338).

The matter is before the undersigned for issuance of a Report and Recommendation and is now

ripe for consideration.[2]

_____

[1] Defendant's original motion was terminated, as her amended motion was considered to be substituted for her original motion. (Doc. 363).

[2]  By Order dated February 11, 2015, the Court granted Defendant's motion for a sentence reduction pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2).  (Docs. 361-362).  Defendant's sentence was reduced from eighty-seven months to seventy months.

I.      **Procedural Background:**

On February 23, 2012, Defendant was named in a four-count Complaint.  (Doc. 1). Count One charged Defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts Two, Three and Four charged Defendant with distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1).

On February 27, 2012, Defendant appeared with counsel, CJA Panel Attorney Ray Niblock, for an initial appearance, and at that hearing waived issues of probable cause and detention.  (Doc. 2).

On March 6, 2012, Defendant was named in a nineteen-count Indictment filed in the United States District Court for the Western District of Arkansas.  (Doc. 8).  Defendant was charged in Counts 1, 11, 12, and 13, with conspiracy to distribute methamphetamine and distributing methamphetamine in violation of 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); and 21 U.S.C. § 846. Defendant appeared for arraignment on March 8, 2012, with counsel, Mr. Niblock, and entered a not guilty plea as to all counts.  (Doc. 43).

On June 27, 2012, Defendant, pursuant to a written plea agreement, entered a plea of guilty to Count 12 of the Indictment, aiding and abetting in the distribution of methamphetamine. (Doc. 183).   By entering the plea agreement of guilty to Count 12 of the Indictment, Defendant agreed that she faced:

a. a maximum term of imprisonment for 20 years;

b. a mandatory minimum term of imprisonment for five years based on the fact that the offense conduct involves more than 5 grams of actual methamphetamine as admitted by the defendant in the factual basis;

c. a maximum fine of $1,000,000.00 per count;

-2-

AO72A
(Rev. 8/82)

d. both imprisonment and fine;

e. a term of supervised release which begins after release from prison;

f. a possibility of going back to prison if the defendant violates the conditions of supervised release; and

g. a special assessment of $100.00 for each count of conviction.

(Doc. 185, p. 5-6).

On October 5, 2012, a Presentence Investigation Report (PSR) was prepared by a United States Probation Officer. The PSR found Defendant accountable for 43.85 grams of actual methamphetamine, which called for a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(c)(5). (PSR ¶ 41). The PSR recommended a two-level increase based on Defendant's role in the offense. (PSR ¶ 44). The PSR recommended that Defendant receive a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). (PSR ¶ 55). Upon motion of the Government, the PSR indicated that Defendant might qualify for a one-level reduction if she met the criteria set forth at § 3E1.1(b). (PSR ¶ 48). Based on a total offense level of 29 and a criminal history category of I, the guideline range for imprisonment was 87 to 108 months. (PSR ¶ 72). Defendant filed objections to the PSR with respect to the amount of actual methamphetamine accounted towards Defendant; and the recommendation that Defendant was an "organizer, leader, manager, or supervisor of others."

On November 23, 2012, Defendant filed a Motion for Downward Departure and Variance and Memorandum Brief. (Docs. 232, 233).

At the sentencing hearing held on November 26, 2012, the Court denied Defendant's motion for a downward departure. (Docs. 238, 307). The Court applied the two-point

AO72A
(Rev. 8/82)

enhancement for Defendant's role in the offense pursuant to U.S.S.G. § 3B1.1(c). The Court granted Defendant a three-level reduction for acceptance of responsibility. (Doc. 307, pp. 14-15). Defendant was sentenced to eighty-seven months; four years of supervised release; a $15,000.00 fine; and a $100.00 special assessment. (Doc. 255).

On December 10, 2012, Defendant filed a Notice of Appeal. (Doc. 298). On appeal, Defendant's counsel moved to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel raised two issues: 1) whether the sentence was excessive and unfair; and 2) whether Defendant's proffer interviews with the Government should have resulted in a motion for a downward departure based on substantial assistance. <u>United States v. Vaca-Gomez</u>, 533 F. App'x 694 (8th Cir. 2013). The Eighth Circuit declined to consider Defendant's ineffective assistance of counsel claim, rejected Defendant's argument that the District Court's sentence was excessive or unfair, and rejected Defendant's challenge to the lack of a substantial-assistance departure motion. The Eighth Circuit, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), found no nonfrivolous issues for appeal. Accordingly defense counsel was granted leave to withdraw, and the District Court's judgment was affirmed. On October 7, 2013, and October 28, 2013, respectively, the Judgment and Mandate were entered. (Doc. 324).

**II.     Grounds For § 2255 Motion:**

In her §2255 petition, which Defendant filed <u>pro se</u>, Defendant asserts the following grounds for relief:

Ground One: Ineffective assistance of counsel due to erroneous advice,

-4-

Ground Two: Ineffective assistance of counsel for failure to secure and explain components of a 5K1 reduction,

Ground Three: Ineffective assistance of counsel for failure to object to the attributed drug weight, and

Ground Four: Ineffective assistance of counsel for failure to object to organizer/leader enhancement.

## III.   Issue:  Ineffective Assistance of Counsel:

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 723 (8th Cir.2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a

-5-

sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir.1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Statements that are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. Apfel, 97 F.3d at 1077.

The two part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). Defendant alleges four claims of ineffective assistance as grounds for relief in her motion, which will each be discussed below.

**A.     Ground One:  Ineffective Assistance of Counsel due to Erroneous Advice**:

Defendant argues that her attorney told her that she would receive a thirty-seven month sentence. (Doc. 333, p. 4). Defendant argues that she "did not have the correct information to base a decision on whether to go to trial, or not." Id. The Government argues that Defendant was informed as to the possible penalties that she faced. The Government states that Defendant provided no facts to support her claim that she was misadvised of her potential sentence, and that

-6-

her "conclusory allegation" is directly contradicted by her signed plea agreement and her representations at her Change of Plea Hearing.

A review of the transcript of the Change of Plea Hearing shows that the Court asked Defendant if she had reviewed her plea agreement:

THE COURT: Is Mr. Ray Niblock, who stands with you here, your attorney?

INTERPRETER: Yes, sir.

THE COURT: Are you satisfied with his service and advice to you?

INTERPRETER: Yes. Sure.

THE COURT: Have you had enough time to talk to Mr. Niblock about this matter?

INTERPRETER: Yes, sir.

THE COURT: Mr. Niblock, are you satisfied that Ms. Vaca-Gomez is not impaired and that she knows where she is and what she's doing?

MR. NIBLOCK: I am satisfied.

THE COURT: And have you indeed had adequate time to talk with her?

MR. NIBLOCK: I have.

THE COURT: Ms. Vaca-Gomez, I understand that you have made an agreement with the United States about this case that I've just called up. I want to ask you some questions about that agreement, your understanding of it, and your intentions concerning it. You may speak to Mr. Niblock anytime before you answer my questions. Is that agreeable?

INTERPRETER: Yes, sir.

THE COURT: Are you able to read English, ma'am?

INTERPRETER: No.

-7-

THE COURT: No? Was this agreement translated or interpreted from English to Spanish for you?

INTERPRETER: Yes, sir.

THE COURT: Did you have the aid of an interpreter or translator to help you in discussing it with Mr. Niblock?

INTERPRETER: Yes, sir.

THE COURT: Did you, in fact, sign the agreement on the last page?

INTERPRETER: Yes, sir.

THE COURT: Did anyone threaten you or force you to do that?

INTERPRETER: No.

THE COURT: So it is a voluntarily thing?

INTERPRETER: Yes, sir.

THE COURT: In the last paragraph of the agreement, specifically Paragraph 31 on Page 12, it is stated that you and Mr. Niblock agree that this agreement is the entire agreement that you have with the United States on this case.  Is that true?

INTERPRETER: Yes, sir.

THE COURT: So all - - every agreement you have is in this document. Is that right?

INTERPRETER: Yes, sir.

THE COURT: On Page 1 under Paragraph 1, it is stated that you intend to plead guilty to Count 12 of the Indictment which charges you with aiding and abetting in the distribution of methamphetamine.  Is that your intention?

INTERPRETER: Yes, sir.

(Doc. 306, pps. 3-6). The transcript further reveals that the Court questioned Defendant to ensure that Defendant understood the minimum and maximum penalties that Defendant would face:

> THE COURT: All right. Paragraph 9 on that same page - - actually, there's two Paragraph 9s, but I'm talking about the second Paragraph 9 on Page 5 - - has a heading "Maximum Penalties", and it says you understand that if you plead guilty to Count 12 that you would face a mandatory term of imprisonment of at least five years based upon the quantity of the methamphetamine that was involved in this offense. And that quantity was mentioned back in Paragraph - - let's see, where was that? Paragraph 2(F) - - which you agree that the - - there was more than 20 grams, 22.5 grams, of actual methamphetamine involved. So you understand that five-year mandatory minimum based upon that quantity?
>
> INTERPRETER: Yes, sir.
>
> THE COURT: But that paragraph, the second Paragraph 9 on Page 5, also mentions you could be imprisoned for as long as 20 years. Do you understand that?
>
> INTERPRETER: Yes, sir.

(Doc. 306, pps. 6-7). The Court also made sure that Defendant was aware that the Sentencing Guidelines would be applied when determining Defendant's sentence:

> THE COURT: A reference is made to sentencing guidelines on Page 8 of the agreement. That's Paragraph 14. It says you understand that in connection with fixing a sentence for you, the Court will need to determine what sentencing guidelines apply in your case and then consider them on an advisory basis. Are you aware of that, ma'am?
>
> INTERPRETER: Yes, Your Honor.
>
> THE COURT: Do you have any questions, ma'am, of me concerning anything in this agreement?
>
> INTERPRETER: No, sir. Everything is understood.

(Doc. 306, p. 8).

The Eighth Circuit has recognized that as "long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be. " United States v. Ramirez–Hernandez, 449 F.3d 824, 826 (8th Cir.2006).  In other words, a defendant cannot show she was prejudiced from her attorney's advice, no matter how inaccurate it might have been, if the district court essentially cures that inaccurate advice by correctly informing the defendant of her potential sentence.  United States v. Nesgoda, 559 F.3d 867, 870 n. 2 (8th Cir.2009) ("[C]ounsel's incorrect estimate of a sentencing range was not ineffective assistance of counsel.")(citations omitted).

In this case, the record is clear that the Court informed Defendant as to the possible penalties she faced.  At the Change of Plea Hearing, Defendant testified that the plea agreement, signed by her, had been translated into Spanish, and that she had gone over it with her counsel. The Court also reviewed Defendant's mandatory minimum and maximum terms of imprisonment that she faced, and informed her that the sentencing guidelines would be applied prior to taking her plea of guilty.  Defendant testified that she understood that she was facing a sentence between five and twenty years.  Even if Defendant's allegation that her attorney misinformed her about the sentence she might face was true, Defendant was advised and was fully aware she could receive a sentence between five and twenty years.  Therefore, she cannot show she was prejudiced by her attorney's alleged misinformation, and her ineffective assistance claim fails.

-10-

**B.      Ground Two: Ineffective Assistance of counsel for failure to secure and explain components of a 5K1.1 reduction**.

Defendant argues that she met with the Government on numerous occasions, and after the fifth meeting, was told that a motion would be submitted to the Court for her cooperation. (Doc. 333, p. 5). Defendant states that her attorney failed to ensure that this motion was filed.

Both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) permit the government to make a substantial assistance-based motion for a downward departure. See Wade v. United States, 504 U.S. 181, 184–86 (1992) (discussing the nature of the discretion granted to the government and the limitation placed upon the district courts by 18 U.S.C. § 3553(e) and U.S.S.G. §5K1.1). These provisions merely grant the prosecutor discretion. The government has no duty to make such a motion unless it has entered into a plea agreement with the defendant that creates such a duty. See id. at 185 (observing that "in both § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the government a power, not a duty, to file a motion when a defendant has substantially assisted"). Absent a motion by the government pursuant to §5K1.1, "a district court generally lacks the authority to grant a downward departure based on a defendant's substantial assistance." U.S. v. McDonald, 298 F.3d 1020, 1021 (8th Cir. 2002).

In the present case, a review of the terms of the plea agreement between the Defendant and the Government do not reference a motion for a reduction in Defendant's sentence. The plea agreement clearly states:

> The defendant and her attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change her plea to guilty.

-11-

(Doc. 185, p. 12).  The Court also confirmed this agreement during the Change of Plea Hearing

with the following exchange:

> THE COURT: In the last paragraph of the agreement, specifically Paragraph 31
> on Page 12, it is stated that you and Mr. Niblock agree that this agreement is the
> entire agreement that you have with the United States about this case.  Is that
> true?
>
> INTERPRETER: Yes, sir.
>
> THE COURT: So all - - every agreement you have is in this document. Is that
> right?
>
> INTERPRETER: Yes, sir.

(Doc. 306, p. 5).

Defendant appealed the Government's failure to file a motion for a downward departure

based on substantial assistance on direct appeal, and the Eighth Circuit found "no basis in the

record to conclude that the lack of a substantial-assistance departure motion in this case is a basis

to challenge the sentence imposed." United States v. Vaca-Gomez, 533 F. App'x at 695.  It is

well settled that claims which were raised and decided on direct appeal cannot be relitigated on

a motion to vacate pursuant to 28 U.S.C. § 2255.  Anderson v. United States, 619 F.2d 772, 773

(8th Cir. 1980).  Defendant cannot show she was prejudiced and her ineffective assistance claim

fails.

### C.    Ground Three: Ineffective Assistance of Counsel for failure to object to the attributed drug weight.

Defendant argues that her attorney was ineffective in allegedly failing to object to the

weight of drugs that Defendant was held accountable for during the sentencing hearing.  While

Defendant states that this claim is based on her attorney's ineffectiveness, she argues that this

-12-

claim should be granted based on the recent United States Supreme Court case, <u>United States v. Alleyne</u>, 133 S. Ct. 2151 (2013).

In <u>Alleyne</u>, the Supreme Court held that the Sixth Amendment of the United States Constitution required a jury to find beyond a reasonable doubt any fact which increased a mandatory minimum sentence. <u>Id.</u> at 255; <u>see also</u> <u>United States v. Davis</u>, 736 F.3d 783, 784 (8th Cir. 2013). <u>Alleyne</u> was decided on June 17, 2013, before Defendant filed her § 2255 motion. While the Eighth Circuit Court of Appeals does not appear to have addressed the issue, other courts have consistently held that <u>Alleyne</u> does not apply retroactively to cases on collateral review. <u>See, e.g.</u> <u>United States v. Winkelman</u>, 746 F.3d 134, 136 (3rd Cir. 2014); <u>United States v. Harris</u>, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013); <u>United States v. Redd</u>, 735 F.3d 88, 91 (2d Cir. 2013); <u>United States v. Stewart</u>, 540 F.App'x 171, at *1 n. (4th Cir. 2013); <u>In re Kemper</u>, 735 F.3d 211, 212 (5th Cir. 2013).

Furthermore, no <u>Alleyne</u> error occurred, as Defendant's sentence was based on the Guidelines range, and not the statutory mandatory minimum sentence. The District Court's drug quantity determination at sentencing did not increase Defendant's statutory mandatory minimum sentence, but rather, was used to determine her advisory Guidelines range, which was greater than the statutory minimum. <u>Alleyne</u> itself recognized that "broad sentencing discretion, informed by judicial fact finding, does not violate the Sixth Amendment." <u>Alleyne</u>, 133 S. Ct. at 2163; <u>see also</u> <u>Id.</u> (explaining that its decision is "wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"); <u>United States v. Ramirez–Negron</u>, 751 F.3d 42, 48 (1st Cir. 2014) ("[F]actual findings made for purposes of

-13-

applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in <u>Alleyne</u>."); <u>United States v. Smith</u>, 751 F.3d 107, 117 (3rd Cir. 2014) ("<u>Alleyne</u> did not curtail a sentencing court's ability to find facts relevant in selecting a sentence within the prescribed statutory range."); <u>United States v. Cooper</u>, 739 F.3d 873, 884 (6th Cir. 2014) (finding <u>Alleyne</u> had no application to fact-finding resulting in an increased Guidelines sentence, explaining, "<u>Alleyne</u> dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range..."); <u>United States v. Booker</u>, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). Thus, there is no <u>Alleyne</u> error in the District Court's determination of Defendant's drug quantities at sentencing. Accordingly, Defendant's claim for relief fails.

> **D.     Ground Four: Ineffective Assistance of Counsel for failure to object to organizer/leader enhancement**.

Defendant argues that her attorney was ineffective for failing to object to the leader/organizer enhancement that the Court applied to her sentence.

On November 23, 2012, Defendant filed a Motion for Departure and Variance. (Doc. 232). One of the arguments made by Defendant's attorney was that the Court should not apply an enhancement as a leader/organizer under U.S.S.G. § 3B1.1(c). (Doc. 232, p. 2). During the Sentencing Hearing on November 26, 2012, the following discussion occurred:

> MR. NIBLOCK: With respect to the leader/organizer issue, which is the third objection, I believe that the plaintiff - - pardon me, the defendant - - is willing to

-14-

rest on her brief on that matter.  I think it was fully briefed for the Court.  The only thing I would like to focus the Court on is the size of the alleged organization. It was very small, and there did not appear in the PSR - - and I hope I'm not corrected on this - - but I did not see any evidence where - - to suggest that my client met all the incidents of what would create a organizer/leader, such as no evidence that she was making more money.  No evidence that she is any more dangerous than the others.  Those incidents are set forth, I think, mostly in the comment.

She did not - - I did not, at least, see any evidence that she profited more or less.  And put the other way around, the only evidence that I could discern was a comment made by Dianna Gandert saying that she "worked for my client" and I believe it was for a period of four months.

Other than that, I don't believe that the facts in this case justify an enhancement, obviously, for the reasons set forth in my Brief and my comments just now...

(Doc. 307, pps. 7-8).  Clearly, counsel for Defendant aggressively objected to the PSR's enhancement for the leader/organizer role, and aggressively argued his objections to the Court. Accordingly, Defendant has failed to satisfy the first prong of Strickland, which requires her to show that her counsel's representation fell below an objective standard of reasonableness.

## IV.    Issue #2 - Whether an evidentiary hearing is warranted:

Defendant bears the burden of establishing the need for an evidentiary hearing. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). The Eighth Circuit has held that a petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'" Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)(quoting United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005)(alteration in original). However, the Eighth Circuit further stated:

No hearing is required, however, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."

-15-

Anjulo-Lopez, 541 F.3d at 817 (quoting Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007)(internal quotation omitted).

A hearing is unnecessary "'when a § 2255 petition (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case.'" McGill, 11 F.3d at 225-226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974).

Considering the face of Defendant's pro se motion as well as the files and records of the case, no hearing is required in this case. See Anjulo-Lopez, 541 F.3d at 817.

**Based upon the foregoing, the undersigned hereby recommends that Defendant's amended § 2255 motion (Doc. 333) be denied.**

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 petition, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

-16-

**reminded that objections must be both timely and specific to trigger de novo review by the district court**.

Dated this 10th day of June, 2015.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-17-

AO72A
(Rev. 8/82)